3. INDICTMENT AND INFORMATION ⊜⇒14—SUB-
STITUTED COPY—TRIAL.

The fact that a substituted copy was not
the indictment of a grand jury was no ground
why accused could not be tried upon such copy.

[Ed. Note.—For other cases, see Indictment
and Information, Cent. Dig. §§ 77–82; Dec.
Dig. ⊜⇒14.]

Appeal from District Court, McLennan
County; Richard I. Munroe, Judge.

Horace Bennett was convicted of burglary
of a private residence at night, and he ap-
peals. Affirmed.

W. E. Rogers, of Marlin, for appellant. C.
C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was
convicted of the burglary of a private resi-
dence at night and his punishment assessed
at 20 years in the penitentiary.

There is no statement of facts. Appellant
has three bills of exceptions which will be
considered together. In substance, they show
that the appellant was duly indicted in the
district court of Falls county where the of-
fense was committed; that he was duly ar-
rested, confined in jail, made a motion for
a change of venue which was assented to
by the county attorney, and thereupon the
court entered the proper order changing the
venue to McLennan county, Tex., and ordered
the sheriff to deliver him to the sheriff of
McLennan county before the next term of the
district court of that county. Before the or-
der of change of venue was made, appellant
was duly arraigned and pleaded not guilty.
The district clerk of Falls county, in com-
pliance with the statute, made properly cer-
tified copies of the indictment and other pa-
pers therein and also a proper certified copy
of all the orders made in the district court
of that county; that he sent the original pa-
pers and this properly certified transcript of
the orders to the clerk of the district court
of McLennan county, Tex. None of these
papers were ever received by that clerk, but
were shown to have been lost. The county
attorney of McLennan county duly, by a mo-
tion in writing, suggested the loss of said
papers and made two motions, one to substi-
tute the said certified copy of the orders of
the district court of Falls county, and the
other to substitute the indictment. To these
respective motions he attached properly cer-
tified copies from the district clerk of Falls
county of all of the said orders and of the
said indictment. The court made all the
proper orders in compliance with the statute
and the decisions of this court, and substitut-
ed the said copy of orders from Falls county
and the indictment. There is no suggestion
or claim by the appellant that these papers,
as substituted, were not absolutely correct in
every particular.

[1] He attacks the action of the district
court of McLennan county in three particu-
lars. First, he claims that because the said
papers from the district clerk of Falls county
never reached the district clerk of McLennan
county, but were lost in transit, the juris-
diction of the McLennan county court never
attached, and that whatever proceedings to
substitute the lost papers were necessary to
be made in the district court of Falls county,
instead of McLennan county. This question
has been expressly held against him in Berg
v. State, 64 Tex. Cr. R. 612, 142 S. W. 884.

[2] His second ground was that the court
could not act on the county attorney's mo-
tions to substitute, unless and until he was
duly served three days with notice thereof.
He was present when the motions were acted
upon by the court, and, before the court act-
ed thereon, filed his objections to the court
acting on the matter on both of the grounds
just mentioned. So far as notice to him is
concerned, the statute regulating when and
how lost papers in a criminal case can be
substituted (article 482, C. C. P.), and the
decisions thereunder do not provide that no-
tice shall be served upon an accused before
such lost papers can be substituted, and this
court has expressly held that such papers can
be substituted without such notice and serv-
ice thereof upon him. Burrage v. State, 44
S. W. 169, and Id., 44 S. W. 1104. Even if
it had been necessary to serve appellant with
notice of the filing of these motions, his ap-
pearance and answer thereto, without such
service, amounted to a waiver of notice and
effected the same purpose as if he had been
timely served with notice.

[3] Appellant's only other ground is that
he claimed that he could not be tried under
the substituted copy of the indictment be-
cause that substituted copy was not the in-
dictment of a grand jury. His contention is
wholly untenable. We deem it unnecessary
to discuss at any length either of the ques-
tions raised by appellant.

The judgment is affirmed.

———————

ALVEREZ v. STATE. (No. 3733.)

(Court of Criminal Appeals of Texas. Oct. 27,
1915.)

1. WITNESSES ⊜⇒37—RECOLLECTION OF WIT-
NESS—FIXING TIME — EVIDENCE—ADMISSI-
BILITY.

In a prosecution for selling intoxicating liq-
uors in prohibition territory, evidence to fix the
time of sale within the period of limitations
*held* not objectionable as seeking to make the
witness testify as to facts of which he had no
recollection.

[Ed. Note.—For other cases, see Witnesses,
Cent. Dig. §§ 80–87; Dec. Dig. ⊜⇒37.]

2. CRIMINAL LAW ⊜⇒949—NEW TRIAL—MO-
TION—SUFFICIENCY.

A motion for new trial in a prosecution for
selling intoxicating liquors in prohibition ter-
ritory, which states that defendant has found
new evidence in support of his testimony, and to
disprove the testimony of state's witnesses, but
that he is unable to have the affidavits of the
witnesses attached because they live at a dis-
tance from where defendant is kept in custo-

dy, which is not sworn to and which fails to give the names of the witnesses and what he expects to prove by them, was properly overruled as being too vague and indefinite.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2337, 2339–2344; Dec. Dig. ☞949.]

Appeal from District Court, Atascosa County; F. G. Chambliss, Judge.

Chon Alverez was convicted of selling intoxicating liquors in prohibition territory, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of the offense of selling intoxicating liquors in prohibition territory, from which conviction he prosecutes this appeal.

[1] There were no exceptions reserved to the charge of the court and no special charges requested. The only exception reserved to the introduction of testimony recites:

"Jim Dillard, a witness for the state, being on the witness stand under oath as a witness, the following questions and answers ensued, it being redirect examination of said witness: 'Q. Jim, why did you tell me that was in January of this year? Mr. Brown: We object— (No ruling noted.) Witness: I told you I didn't know. Q. What month was it? A. I don't know what month at all. Q. You know it was this year? A. Yes, sir. Q. You know it was before you came into the room—into the grand jury room. A. Yes, sir. Q. Was it before that time? A. Yes, sir. Mr. Brown: We object to these questions trying to get this witness to tell something he doesn't know. The Court: Objection is overruled. Proceed. Mr. Brown: Note our exception.' Which testimony was objected to by the defendant at the time it was offered, upon the following grounds, to wit: The witness had testified as to his utter lack of knowledge as to the month and day on which the alleged sale of liquor was consummated. The course of questioning by the district attorney was calculated to refresh the mind of the witness, if possible, without any recollection of the facts in the mind of the witness upon which to base any hope of direct knowledge in the memory of said witness. Also, the same was calculated to strengthen the witness in the minds of the jury, and to prejudice them against the defendant."

The witness had testified that he did not remember the day nor month. On his cross-examination appellant had sought to show that his remembrance of the occasion of the purchase was vague, and witness could not, or would not, fix the date. It is shown he was a boy, who could neither read nor write, and very illiterate. To bring the date within the period of limitation, it was permissible to show that the purchase was made some time during this year, and the testimony was not subject to the objections made.

[2] In the motion for a new trial appellant states that:

"This defendant has found new evidence in support of his own testimony, and new evidence to disprove the testimony of state's witness Jim Dillard, all of which he is willing to verify by affidavit of said witnesses, and would have their affidavits attached hereto, but for the fact that he has not had the time nor the opportunity to obtain the same by reason of the fact that said new witnesses live at such a distance from where this defendant has been kept in custody since the trial herein, that it has been impossible for him to secure said affidavits."

This motion is not sworn to by appellant, nor any other person. It will be noticed he does not give the name of the witness or witnesses, nor what he expects to prove by the witness or witnesses. Under such circumstances, there was no error in overruling this ground of the motion for a new trial. It was too vague and indefinite.

The judgment is affirmed.